**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **RICHARD WARREN HAYES,** | ) | NO. CV 09-1749-SGL(CT) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING MAGISTRATE |
| | ) | JUDGE'S REPORT AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| **JAMES YATES, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's report and recommendation; respondent's motion to dismiss and lodged documents; and petitioner's request to proceed on grounds one and two of the petition, which request was submitted in lieu of objections to the report and recommendation.

    The Court agrees with the recommendation of the magistrate judge that the petition should be dismissed without prejudice because petitioner has not exhausted his state remedies.[1]  See 28 U.S.C. §

---

[1] The court observes, without deciding, that petitioner has sufficient time to return to state court to exhaust his asserted grounds for federal habeas relief.  His petition for review to the California Supreme Court was denied only on December 10, 2008. See 28 U.S.C. §§ 2244(d)(1), (d)(2) (the one-year limitations period runs from conclusion of direct review; time during pendency of properly filed application for state court collateral review is not counted); see also Bowen v. Roe, 188

2254(b); <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 522 (1982)(holding that "mixed" petitions that include both exhausted and unexhausted grounds must be dismissed).

In the report and recommendation, filed on April 27, 2009, the magistrate judge gave petitioner leave to submit a first-amended petition asserting only unexhausted grounds. In his May 18, 2009, request to proceed, however, petitioner continues to press not only the petition's single exhausted ground, ground two, but also one of its unexhausted grounds, ground one.

Accordingly, IT IS ORDERED THAT:

1. The report and recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: May 26, 2009

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

---

F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review includes the 90-day period within which petitioner can seek a writ of certiorari from the United States Supreme Court).